UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 2069 |
| | ) |
| ROD BLAGOJEVICH & ROBERT WALKER, JR., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM ORDER AND OPINION**

MARVIN E. ASPEN, District Judge:

Presently before us is Defendant Rod Blagojevich's and Robert Walker Jr.'s motion to stay discovery in a political patronage action until final disposition of their motion for summary judgment. Plaintiff Brian Foster contends that he cannot adequately respond to the motion for summary judgment without discovery on "the duties and responsibilities of the position at issue, [Assistant Warden], the reliability of Illinois Department of Central Management Services position description documents and the manipulation to those position descriptions by government officials."[1] (Supplement to Resp. to Mot. to Stay Discovery at 2.)

---

[1] As a threshold matter, Foster should have brought a motion to compel discovery or a motion pursuant to Federal Rule of Civil Procedure 56(f) for additional discovery for purposes of summary judgment. *See Grayson v. O'Neill*, 308 F.3d 808, 815-16 (7th Cir. 2002). However, the request to compel additional discovery in response to defendants' motion to stay was sufficiently detailed such that we can overlook the procedural defect. *See Theotokatos v. Sara Lee Personal Prod.*, 971 F. Supp. 332, 343-44 (N.D. Ill. 1997).

1

In his complaint, Foster alleges that he was fired solely because of his political beliefs, in violation of the First Amendment to the Constitution. Governor Blagojevich and Walker counter that Foster's dismissal was proper because the inherent duties of the Assistant Warden position include discretionary, policymaking authority. The Supreme Court recognizes that "party affiliation may be an acceptable requirement for some types of government employment." *Brant v. Finkel*, 445 U.S. 507, 517, 100 S. Ct. 1287, 1294 (1980); *Elrod v. Burns*, 427 U.S. 347, 367, 96 S. Ct. 2673, 2687 (1976) ("Limiting patronage dismissals to policymaking positions"). For example, political affiliation is appropriate where "the *position* held by the individual authorizes, either directly or indirectly, meaningful input into government decision making on issues where there is room for principled disagreement on goals or their implementation." *Tomczak v. City of Chicago*, 765 F.2d 633, 641 (7th Cir. 1985) (quotation omitted). The Seventh Circuit condones the use of official position descriptions as determinative of the "policymaking" nature of the job, assuming the descriptions are reliable and authentic. *Riley v. Blagojevich*, 425 F.3d 357, 361 (7th Cir. 2005).

In support of their motion for summary judgment, defendants proffer the official position description for Foster's Assistant Warden job. (Mot. Summ. J. Ex. 2.) According to defendants, the official position description has not materially changed in more than two decades, long before Governor Blagojevich took office in Illinois, thus evincing its reliability and the absence of manipulation from Blagojevich's administration. Defendants principally rely on the Seventh Circuit's opinion in *Riley*, wherein the court found that political affiliation was an appropriate requirement for Assistant Wardens based on the official position descriptions - which are substantially similar to the position description at issue. The court found the descriptions

reliable because they had not been materially altered during defendant Governor Blagojevich's tenure, they were publicly available for inspection and challenges, and the descriptions were created and updated pursuant to a well-defined statutory scheme. *Id.* at 361-63. Therefore, to defeat defendants' motion for summary judgment Foster must distinguish *Riley* by challenging the reliability and authenticity of the official position description of Assistant Warden in this case. *See id.* at 361-62.

However, the plethora of discovery Foster seeks would neither advance his position, nor be relevant and necessary to decide the narrow issue presented in the motion for summary judgment. Foster confuses fact discovery with legal argument by requesting discovery on interpretation of state law and federal judicial precedent. (Supp. to Resp. to Mot. to Stay ¶¶ 23-29.) It is unclear what plaintiff hopes to discover to demonstrate that defendants misinterpreted the statutory scheme involving position descriptions in Illinois. Foster's responses to the motion to stay are replete with legal arguments that go to the merits of defendants' motion for summary judgment rather than coherent explanations of how discovery would result in relevant evidence to bolster his position.[2]

---

[2] For instance, deposing individuals with knowledge of the process by which state officials decide which positions are exempt from the ban on political patronage does not speak to the reliability of the position description or the inherent powers of the Assistant Warden. Neither would documents showing that other jobs with similar duties and responsibilities listed in the position description are classified by the prison as non-policymaking suggest that the Assistant Warden description was manipulated by Governor Blagojevich or was not properly updated and maintained. Likewise, Foster's personnel file has no bearing on the reliability of the position description, any manipulation by Governor Blagojevich's administration, or Foster's access to the description (it is publicly available).

**CONCLUSION**

For the reasons described above we grant defendants' motion to stay discovery and order plaintiff to respond to defendants' motion for summary judgment by April 24, 2006. Defendants may file a reply by May 5. A status hearing is scheduled for June 6. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 4/4/06